ALEXANDER, CONOVER & MARTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14253. Promulgated July 31, 1929.

*J. S. Boyd, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

Siefkin: The sole question for decision is whether petitioner is entitled to personal service classification for the years 1920 and 1921. Section 200 of the Revenue Acts of 1918 and 1921 provides:

The term "personal service corporation" means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

The evidence discloses that all of the stockholders of petitioner except one were regularly engaged in the active conduct of the affairs of the petitioner. However, from the evidence, we can not find that the income of the petitioner is to be ascribed primarily to the activities of the principal stockholders. If the value of the services rendered by the nonstockholding employees is to be measured by the salaries paid them, and we consider this a fair indication of such value, we must conclude that the income for the years in question was not primarily ascribable to the principal stockholders. See, in this regard, *J. H. Cross Co.*, 9 B. T. A. 225. The testimony in the case shows that the nonstockholding employees simply assisted the stockholders in rendering the services for which petitioner received its income but since the salaries of the nonstockholding employees are so large we are constrained to the view that such nonstockholders contributed materially to the income derived.

Furthermore, the petitioner has not met the third requirement imposed by the statute. During the year 1920 it had invested capital of approximately $63,000, and in 1921 invested capital of approximately $66,000. It expended large amounts as salaries to nonstockholding employees and for advertising. It also carried accounts and notes receivable and payable in large amounts. Petitioner contends that the income received from the trade to which loans were made was only nominal, but we do not doubt that such practice of petitioner maintained the good will of all of its customers and was an inducement in securing business. We conclude that capital was a material income-producing factor during the years 1920 and 1921.

The respondent did not err in denying personal service classification to the petitioner for the years 1920 and 1921.

*Judgment will be entered for the respondent.*